**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gary Patrick CALLAHAN,**
**Defendant–Appellant.**

No. 02–15960.

D.C. Nos. CV–97–00515–RGS
CR–89–178–PHX–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided June 24, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Gary Patrick Callahan, Seagoville, TX, pro se.

Jeffrey H. Jacobson, Esq., Office of the U.S. Attorney, Tucson, AZ, for Respondent–Appellee.

Before HALL, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM **

Gary Patrick Callahan appeals pro se the district court's denial of his motion to

alter or amend the judgment denying his 28 U.S.C. § 2255 motion and the district court's denial of his motion for an evidentiary hearing. Callahan's § 2255 motion challenges his jury conviction and 330–month sentence for conspiracy to possess with intent to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. We affirm in part, vacate in part and remand for an evidentiary hearing.

■ Callahan contends that his trial counsel rendered ineffective assistance in failing to investigate or make known to the jury the alleged romantic relationship between a central prosecution witness and Callahan's then-girlfriend, co-defendant Lindstrom. Callahan further contends that counsel rendered ineffective assistance in failing to utilize available forensic evidence. The motion and the record of the case do not "conclusively show that the prisoner is entitled to no relief" with regard to these claims of ineffective assistance of counsel. *See United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003); 28 U.S.C. § 2255. Accordingly, we vacate the district court's denial of an evidentiary hearing and its denial of these claims of ineffective assistance of counsel, and remand for an evidentiary hearing.

■ Callahan further contends that the government's use of secretly tape-recorded statements he made after he was indicted on the cocaine charges violated his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel under *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). We disagree. No incriminating statements from the conversation at issue were used in the prosecution of the cocaine

charges to which the right to counsel had attached, or in any trial involving the remaining charges, which were eventually dropped. *See Massiah*, 377 U.S. at 207, 84 S.Ct. 1199 ("All that we hold is that the defendant's own incriminating statements, obtained by federal agents under the circumstances here disclosed, could not constitutionally be used by the prosecution as evidence against him at his trial"); *United States v. Hayes*, 231 F.3d 663, 667 (9th Cir.2000) (holding that *Massiah* was not implicated because no formal charges were pending against Hayes at the time of the surreptitious taping and right to counsel had not attached).

The remaining issues raised by Callahan are not within the scope of the certificate of appealability. To the extent they can be construed as a request to broaden the certificate of appealability, the request is denied.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.